OPINION.
We find ourselves confronted with an odd issue of first impression in Ohio — whether the language that the Workers' Compensation Act shall be "liberally construed" in favor of employees[1] may be included in a jury instruction. We find no Ohio decisions directly on point, and no reported decisions at all. Like many issues that seem to be of first impression in the appellate courts, this one may be so because no one ever thought to raise it before. And properly so, because the language is a rule of statutory construction directed to courts, not to juries.
Appellee William Dean appealed to the court of common pleas from the administrative decision of the Industrial Commission of Ohio denying his right to workers' compensation for a claimed injury. Following a jury verdict in Dean's favor, the trial court entered judgment for Dean and against appellants the Industrial Commission of Ohio, the Bureau of Workers' Compensation and Cincinnati Drum Service, Inc., Dean's employer (collectively referred to as "the Bureau").
The Bureau appeals the trial court's judgment, raising two assignments of error. In its first assignment, it challenges the trial court's jury instruction that definitions were to be liberally construed. In the second assignment, the Bureau contends the trial court erred by ordering reimbursement of an expert-witness fee and the copying costs of medical records.
In reviewing a trial court's use of a particular jury instruction, we "must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights."[2] That is, we must first consider whether the instruction was a misstatement of the law, and if so, whether the erroneous instruction probably misled the jury.[3] Further, "[a] court in considering the propriety of any jury instruction must always bear in mind that the purpose of the jury instruction is to clarify the issues and the jury's position in the case. It must be remembered that juries are composed of ordinary men on the street, not grammarians, and that fine distinctions in the meaning of words or phrases are not ordinarily recognized by the average layman."[4]
The Bureau challenges the following instruction, to which it objected at trial: "Liberal construction. The Workers' Compensation Act of the Ohio Revised Code shall be liberally construed in favor of employees with respect to the definitions previously given."
Before giving the contested instruction, the trial court had defined "burden of proof," "preponderance of the evidence," "evidence," "direct evidence," "circumstantial evidence," "stipulation," "expert opinion," "depositions," "corporations," "course of employment," "arising out of employment," "proximate injury," "participate in workers' compensation," "intoxication," and "appreciable." We commend the trial judge for providing written copies of the charge to the jury. This is the far better practice.[5]
Although we can find no Ohio decisions addressing the cited language in the Workers' Compensation Act, and no reported decisions even close to the point, three Ohio courts have been confronted with a similar ploy by criminal defendants. R.C.2901.04(A) states, "Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." We have found three cases in which creative defense attorneys attempted to have the trial court give that language as an instruction to the jury. The appellate courts held that such an instruction should not have been given. An unreported Eighth Appellate District opinion held, "It is not the jury's job to construe criminal statutes. Construing statutes is a job for the courts."[6] This court stated in a 1984 unreported opinion, "[W]e find that R.C. 2901.04 is neither relevant to a jury's deliberations nor generally is it properly within the province of the jury to consider. R.C. 2901.04 concerns interpretation of thelaw — a matter for the court."[7] The Fourth Appellate District, relying on the reasoning of the Eighth Appellate District and this court, has also concluded that it is improper to instruct a jury on how to construe a criminal statute.[8]
Courts in other states have addressed the propriety of a jury instruction that a statute's language is to be liberally construed. An Arizona appellate court held that an instruction that the state's lien laws were to be liberally construed was erroneous, in part, because the "liberally construed" language was a rule of statutory construction designed to aid courts in interpreting statutes, not "to guide the jury when they applied the law to the facts."[9] Similarly, the Supreme Court of South Dakota held that it was error for the trial court to charge the jury that provisions of the liquor laws were to be liberally construed. It explained that the challenged instruction involved "interpretation of the act and is addressed solely to the courts, and the jury has nothing to do with it." The court concluded that the giving of the instruction was prejudicial error because "it must have impressed the jury that the liquor laws stand upon a higher plane than other criminal laws, and that it should be particularly astute to convict upon a charge of violating the intoxicating liquor laws as compared with the violation of other laws."[10] The Supreme Court of Alaska concluded that an instruction that a section of the state constitution was to be liberally construed in favor of the property owner was an improper instruction because it could induce a jury to be liberal in its damage award.[11] We can find no cases approving such an instruction, nor any other cases where a similar instruction was even proposed.
We hold that the "liberally construed" language of R.C.4123.95 is directed to courts for use in interpreting the Workers' Compensation Act. The language has no place in jury instructions. A jury's role is to make findings of fact, to weigh the credibility of witnesses, and to apply the law, as given, to the evidence admitted, not to interpret the language of statutes.
Thus, the instruction was clearly erroneous. It was also prejudicial. The error was compounded in this case when the instruction broadly described the definitions that were to be liberally construed as those "previously given." Previously given instructions included not only terms defined in the Workers' Compensation Act, but terms going to the heart of basic trial procedures essential to a fair trial, including burden of proof and preponderance of the evidence. A jury should apply those terms exactly, not "liberally construe" the burden of proof. We conclude that, within the context of the instructions provided, the jury instruction on liberal construction was misleading and prejudicial to the Bureau. We sustain the first assignment.
The Bureau's second assignment of error involves issues that arise only when a claimant's right to participate in the workers' compensation fund has been established.[12] Although the disposition of the first assignment extinguishes the necessary predicate for the reimbursement of expert-witness fees, because the issue may arise again on remand, judicial economy requires us to address the Bureau's second assignment. We believe that the fees of an expert whose testimony is reasonably necessary to establish a claimant's right to participate in the workers' compensation fund are contemplated as reimbursable to a prevailing claimant under R.C. 4123.512(F) as part of "[t]he costs of any legal proceedings."
We recognize that there is disagreement among the appellate courts in this state,[13] but we believe that the "shall be taxed" language of R.C. 4123.512(F) requires the trial court to award costs for expert-witness fees. (The amount to be awarded and whether the testimony was reasonably necessary rests in the trial court's discretion.) Although Moore v. Gen. Motors Corp. specifically involved costs of an expert's witness fee for preparing and giving his deposition, we believe that the rationale behind that decision is applicable to the fees for an expert testifying live at trial. This is so partly because the language of R.C. 4123.51.9 is to be liberally construed (by courts) in favor of employees.[14] It is just this type of legal issue that the "liberally construed" language is directed to. One purpose behind the Workers' Compensation Act is to prevent the dissipation of a claimant's recovery by "reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to R.C. 4123.51.9."[15] Thus, the language of the statute "is designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund."[16]
In light of the intent behind R.C. 4123.512, we liberally construe R.C. 4123.512(F) to include as part of "the costs of any legal proceedings" the cost of an expert whose testimony is reasonably necessary to establish a prevailing claimant's right to participate in the fund.
We overrule the Bureau's second assignment, but having sustained the first assignment, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with the law and this opinion.
Judgment reversed and cause remanded.
 Doan, P.J., and Gorman, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.
[1] R.C. 4123.95
[2] Becker v. Lake County Memorial Hosp. West(1990), 53 Ohio St.3d 202,208, 560 N.E.2d 165, 171.
[3] Kokitka v. Ford Motor Co.(1995), 73 Ohio St.3d 89,652 N.E.2d 671.
[4] Bahm v. Pittsburgh Lake Erie Rd. Co.(1966), 6 Ohio St.2d 192,194, 217 N.E.2d 217, 219-220.
[5] State v. Kersey(1997), 124 Ohio App.3d 513,706 N.E.2d 818.
[6] State v. Stanley(Feb. 3, 1983), Cuyahoga App. No. 44982, unreported.
[7] State v. Lance(Aug. 8, 1984), Hamilton App. No. C-830841, unreported (emphasis in original).
[8] State v. Young(Aug. 15, 1997) Athens App. No. 96 CA 1780, unreported.
[9] R M Oxford Constr., Inc. v. Smith(1992), 172 Ariz. 241,246, 836 P.2d 454, 459. See State v. Locks(1963), 94 Ariz. 134,382 P.2d 241(the reading of a portion of a statute concerning its construction is clearly error as it provides the jury with "roving unrestrained authority to convict a defendant of a charged crime").
[10] State v. Waletich(1972), 51 S.D. 209, 213 N.W. 21, 22.
[11] Kenai v. Burnett(Alaska 1993), 860 P.2d 1233, 1241, fn. 17.
[12] See. R.C. 4123.512(F).
[13] See Booher v. Honda of America Manufacturing, Inc. (1996),113 Ohio App.3d 798, 682 N.E.2d 657; Zak v. Fresh Mark, Inc. (June 17, 1996), Stark App. No. 1966CA00025, unreported. Accord Moorev. Gen. Motors Corp.(1985), 18 Ohio St.3d 259, 480 N.E.2d 1101. Contra Champa v. Top Services, Inc. (Mar. 30, 1989), Cuyahoga App. No. 55229, unreported; Andrews v. Sajar Plastics, Inc. (1994),98 Ohio App.3d 61, 647 N.E.2d 854.
[14] R.C. 4123.95.
[15] Moore v. Gen. Motors Corp., supra, at 262,480 N.E.2d at 1103.
[16] Id. at 261-262, 480 N.E.2d at 1103.