OPINION
{¶ 1} John Schuller ("appellant") appeals the October 24, 2002, judgment entry of the Trumbull County Common Pleas Court. In that entry, the trial court granted appellant various costs and attorney fees pursuant to R.C. 4123.512. For the following reasons, we affirm in part, and reverse in part, the trial court's decision in this matter.
 {¶ 2} A trial was conducted in June 2002 to determine whether appellant was entitled to participate in workers' compensation. After the trial commenced, appellant took the deposition of Dr. Bleggi and used the video deposition at trial, rather than call Dr. Bleggi as a live witness. On June 6, 2002, a jury returned a verdict in favor of appellant granting him the right to participate in the State of Ohio Workers' Compensation Fund. The results of the decision are the subject of another appeal filed with this court by the Bureau of Workers' Compensation ("appellee"). See Schuller v. Ohio Bur.of Workers' Comp., 11th Dist. No. 2002-T-0087.
 {¶ 3} On June 25, 2002, appellant filed a post-verdict motion with the trial court. In that motion, appellant requested the trial court award him the "costs of his legal proceedings" in the amount of $6,729.18 and attorney fees in the amount of $2,500 pursuant to R.C. 4123.512(D), (F). Appellee filed a brief in opposition to appellant's motion on September 30, 2002, arguing that appellant was only entitled to $1,697.25 in costs and $2,500 in attorney fees. In its October 24, 2000 entry, the trial court agreed with appellee and awarded appellant a total of $4,197.25 in costs and fees. Appellant filed a timely appeal limited to the $4,031.93 in costs not awarded to him by the trial court. Appellant asserts the following assignment of error for our review:
 {¶ 4} "The trial court erred in only granting a portion of the costs requested by plaintiff pursuant to Ohio Revised Code Section4123.512(D) and (F)."
 {¶ 5} In this case, the trial court denied appellant the following expenses:
 {¶ 6} "1. Expert Fee for Dr.Venizelos $3,000.00
 {¶ 7} "2. Expert Fee for Videotape Deposition of Dr. Bleggi $750.00
 {¶ 8} "3. Mileage for trial $157.58
 {¶ 9} "4. Hotels/Meals $234.35
 {¶ 10} "5. Witness Trial Subpoenas $373.00
 {¶ 11} "6. Service subpoena/mileage for Albert Bleggi, M.D. $152.00"
 {¶ 12} R.C. 4123.512(F) states: "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."
 {¶ 13} Appellant argues that: "statutes to reimburse plaintiffs who win Workers' Compensation appeals are `designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund.'" Kilgore v. Chrysler Corp.,92 Ohio St.3d 184, 186, 2001-Ohio-166 (citation omitted). Further, appellant asserts that: "The legislature pursuant to R.C. 4123.519 [now R.C. 4123.512] has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to R.C. 4123.519."Moore v. Gen. Motors Corp. (1985), 18 Ohio St.3d 259, 262.
 {¶ 14} The Supreme Court of Ohio has held that pursuant to R.C.4123.519 [now R.C. 4123.512], "a common pleas court may tax to the employer the costs of an expert's witness fee preparing and giving his deposition as a `cost of any legal proceedings authorized by this section.'" Moore, supra, syllabus. Neither Moore, nor any of its progeny make a distinction between an expert's deposition taken prior to trial and one taken after the trial commenced. Se, e generally, id.; Kilgore, supra; Andrews v. Sajar Plastics, Inc. (1994), 98 Ohio App.3d 61. Moreover, appellant is attempting to tax Dr. Bleggi's fees as costs under R.C. 4123.512(F), rather than R.C. 4123.512(D) and, therefore, it is not necessary that Dr. Bleggi's deposition transcripts be "file[d] with the clerk prior to trial." Thus, regardless of the fact that Dr. Bleggi's deposition was taken after the trial commenced, appellant is entitled to reimbursement for these fees.
 {¶ 15} We, therefore, conclude that the trial court erred in failing to award appellant the $750 expert fee charged by Dr. Bleggi for his video deposition. Appellant has provided a valid receipt for this expense and is thus entitled to reimbursement under R.C. 4123.512(F).
 {¶ 16} As to the issue of Dr. Venizelos' expert fee of $3,000, appellant refers us to the 1st District's decision in Dean v. Conrad
(1999), 134 Ohio App.3d 367. In that case, the 1st District greatly expanded the definition of costs recoverable by a prevailing claimant stating: "Although Moore v. Gen. Motors Corp. specifically involved costs of an expert's witness fee for preparing and giving his deposition, we believe that the rational behind that decision is applicable to the fees for an expert testifying live at trial." Id. at 372. We disagree with appellant.
 {¶ 17} This court has adhered to a narrow interpretation of what is now R.C. 4123.512(F) and has declined to extend the section to cover those expenses not specifically enumerated in the statute, specifically, expert fees associated with live expert testimony given at trial.Andrews, 98 Ohio App.3d at 71; Bramley v. Painesville (Dec. 26, 1997), 11th Dist. No. 97-L-038, 1997 Ohio App. LEXIS 5848, *8-*9. As a result, we reject appellant's argument as it applies to the expert fee of Dr. Venizelos. See Cave v. Conrad, 94 Ohio St.3d 299, 303 (2002).
 {¶ 18} As to appellant's remaining costs, appellant asserts that any costs "bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award" are recoverable under R.C.4123.512(F). Kilgore, supra, at 188. We disagree. The Supreme Court of Ohio's discussion in Kilgore focused on the narrow issue of attorney expenses incurred in the deposition process. In this case, appellant has failed to document in detail how any of the remaining expenses were incurred in the deposition process. Further, even if appellant were to establish a nexus, he has failed to show how those expenses would proportionately or seriously impact his award. Kilgore, supra. As a result, we reject appellant's arguments as to the remainder of his costs.
 {¶ 19} Based on the above, we reverse the portion of the trial court's decision denying appellant the $750 deposition fee of Dr. Bleggi. Aside from the foregoing adjustment, the judgment of the trial court is affirmed in all other respects. This matter is hereby remanded to the trial court so that it may issue an order consistent with this opinion.
DONALD R. FORD, P.J., concurs.
JUDITH A. CHRISTLEY, J., dissents.