SCHULLER, APPELLANT, *v.* UNITED STATES STEEL
CORPORATION ET AL., APPELLEES.

[Cite as *Schuller v. United States Steel Corp.,*
103 Ohio St.3d 157, 2004-Ohio-4753.]

(No. 2003–1868—Submitted May 26, 2004—Decided September 22, 2004.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} Plaintiff-appellant, John R. Schuller, filed a workers' compensation claim against his employer, LTV Steel Company, alleging that he had contracted the occupational disease of asbestosis. After Schuller's claim was denied, he appealed the denial to the Court of Common Pleas of Trumbull County. The jury determined that Schuller was entitled to participate in the Workers' Compensation Fund. The court ordered costs to be taxed against the bureau.

{¶ 2} Schuller filed a postverdict motion for reimbursement of costs and attorney fees, totalling $9,229.18. The bureau agreed that Schuller was entitled to be reimbursed for his attorney fees ($2,500) and for miscellaneous deposition and filing fee expenses ($1,697.25).[1] However, it objected to the remaining expenses ($5,031.93), including the expert witness fees of Dr. Venizelos, who testified live at trial, and of Dr. Bleggi, whose videotaped deposition was played at trial. The trial court agreed and authorized reimbursement for only those expenses and fees agreed to by the bureau.

{¶ 3} The court of appeals affirmed that part of the trial court's decision denying Schuller's request for reimbursement for Dr. Venizelos's live in-court testimony. However, it allowed reimbursement for Dr. Bleggi's videotaped trial deposition fee and, therefore, reversed the trial court's decision on this point. The court then certified its decision to be in conflict with the First District Court of Appeals' decision in *Dean v. Conrad* (1999), 134 Ohio App.3d 367, 731 N.E.2d 212, and the Eighth District Court of Appeals' decision in *Dixon v. Ford Motor Co.*, Cuyahoga App. No. 82148, 2003-Ohio-3959, 2003 WL 21710796. This appeal is before this court upon our determination that a conflict exists.

{¶ 4} The certified issue for our review is "[w]hether an expert's witness fee for live in-court testimony is a reimbursable cost of legal proceedings pursuant to R.C. 4123.512(F)." For the reasons that follow, we answer this question in the affirmative and reverse the judgment of the court of appeals in part and remand this cause to the trial court for further proceedings.

{¶ 5} R.C. 4123.512(F) provides for the reimbursement of the "cost of any legal proceedings" incurred by claimants who bring successful workers' compensation appeals. This section states:

---

1. {¶ a} The costs approved by the bureau were as follows:
   {¶ b} Plaintiff's attorney fees: $2,500
   {¶ c} Transcript/court reporter fee for deposition of Albert Bleggi, M.D.: $186.75
   {¶ d} Videotape/playback of Bleggi deposition: $575
   {¶ e} Deposition transcript of John Delliquadri, D.O.: $118.40
   {¶ f} Deposition transcripts of Paul Venizelos, M.D.: $528.10
   {¶ g} Deposition transcript of Ritha Kartan, M.D.: $189
   {¶ h} Filing fee: $100

{¶ 6} "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."

{¶ 7} In our prior decisions, we have interpreted the phrase "cost of any legal proceedings" broadly, recognizing that the purpose of allowing reimbursement under R.C. 4123.512 is "to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund." *Moore v. Gen. Motors Corp., Terex Div.* (1985), 18 Ohio St.3d 259, 261–262, 18 OBR 314, 480 N.E.2d 1101 (construing former R.C. 4123.519, the predecessor of R.C. 4123.512). In order to ensure that a successful claimant is not penalized for pursuing his or her appeal, and in comporting with the legislative mandate that workers' compensation statutes are to be liberally construed, R.C. 4123.95, we have consequently allowed reimbursement for a variety of litigation expenses connected with the preparation and presentation of a successful appeal. For instance, in *Moore,* we held that an expert witness's fee for preparing and giving his or her deposition is reimbursable as a part of the "cost of any legal proceedings." Id. at syllabus. We subsequently held that an attorney's travel expenses incurred in the taking of an expert's deposition are reimbursable expenses under R.C. 4123.512(F), since these expenses are necessary for prosecuting a workers' compensation appeal (*Kilgore v. Chrysler Corp.* [2000], 92 Ohio St.3d 184, 749 N.E.2d 267) and that reasonable videotaped-deposition expenses may be taxed as costs and are reimbursable under R.C. 4123.512(F). *Cave v. Conrad* (2002), 94 Ohio St.3d 299, 762 N.E.2d 991.

{¶ 8} We explained in *Kilgore* that these types of expenses "are a reasonable litigation expense that might have the effect of unreasonably dissipating a claimant's award." Id. at 187–188, 749 N.E.2d 267. Although we recognized that reimbursement would not be allowed for the everyday costs of doing business, we stressed that the "cost of any legal proceedings" language of R.C. 4123.512(F) "applies to costs bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award." Id. at 188, 749 N.E.2d 267. We also stated that reimbursement for such expenses is subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal. Id.

{¶ 9} Despite these decisions, the bureau urges us to narrowly construe the phrase "cost of any legal proceedings" in R.C. 4123.512(F) to exclude reimburse-

ment for an expert witness's fee for live in-court testimony. Although the bureau concedes that the "cost of any legal proceedings" in R.C. 4123.512(F) is broader in scope than the "costs of the stenographic deposition" language in R.C. 4123.512(D), the bureau argues that a broad construction would undercut the purpose of the General Assembly in enacting R.C. 4123.512(D), which is to encourage the presentation of medical expert testimony by deposition rather than through live testimony in court. For support, appellee cites *Akers v. Serv–A–Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, which allowed reimbursement for the cost of depositions under former R.C. 4123.519(D), 4123.512's predecessor.

{¶ 10} We reject the bureau's position. At issue in this appeal is R.C. 4123.512(F), not (D). Thus, the *Akers* decision and the policy behind favoring expert testimony by deposition under R.C. 4123.512(D) is irrelevant.[2] Moreover, if we were to construe the language of R.C. 4123.512(F) as the bureau suggests, we believe that this would contravene the legislative intent behind this statute, which is that "a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal." *Moore*, 18 Ohio St.3d at 262, 18 OBR 314, 480 N.E.2d 1101.

{¶ 11} The decisions certified as being in conflict with the decision below, in holding that the in-court testimony of a claimant's medical expert is a reimbursable "cost of any legal proceedings," understood this policy and correctly interpreted our prior decisions. In *Dean v. Conrad*, 134 Ohio App.3d at 372–373, 731 N.E.2d 212, the First District Court of Appeals concluded that "[i]n light of the intent behind R.C. 4123.512, we liberally construe R.C. 4123.512(F) to include as part of 'the costs of any legal proceedings' the cost of an expert whose testimony is reasonably necessary to establish a prevailing claimant's right to participate in the fund." In *Dixon v. Ford Motor Co.*, 2003-Ohio-3959, the Eighth District Court of Appeals, in reaching the same conclusion, reiterated why it makes sense to allow a successful claimant in a workers' compensation appeal to be reimbursed for a medical expert's live testimony. The court aptly noted:

{¶ 12} "To rule as Ford argues would require claimants to sacrifice strategy for economy. For various reasons, counsel for a claimant may find in-court testimony of an expert preferable to video deposition testimony. Allowing the

---

2. In *Kilgore v. Chrysler Corp.*, 92 Ohio St.3d at 186–187, 749 N.E.2d 267, we differentiated between the reimbursibility of claimants' expenditures under R.C. 4123.512(D) and (F). We noted that, under subsection (D), both successful and unsuccessful claimants may be reimbursed for the costs of physicians' depositions filed with the court. In contrast, R.C. 4123.512(F) applies only to claimants who are found on appeal to be eligible to participate in the fund. This distinction is significant since "[t]hese claimants incur out-of-the-ordinary expense in order to establish their right to participate, additional expense that other claimants do not incur." Id. at 187, 749 N.E.2d 267.

taxing of costs for deposition testimony, but prohibiting the taxing of costs for in-court testimony would create a fundamental unfairness to claimants. It would penalize a successful claimant for their attorney's strategic decision to present live testimony of an expert witness or would force a possibly undesirable strategic decision to rely only on deposition testimony in the interest of saving money."

{¶ 13} We agree with this rationale. The testimony of a medical expert is vital to a workers' compensation claimant's being able to prove that his or her injuries meet the requirements for participation in the Workers' Compensation Fund. Thus, we find that a fee for a witness whose testimony is integral to the claimant's case and is directly related to his or her appeal is a reimbursable expense under R.C. 4123.512(F). However, as we stated in *Kilgore*, the amount to be reimbursed must be determined by the trial court. Id., 92 Ohio St.3d at 188, 749 N.E.2d 267. Thus, after the trial court determines that the fee paid to an expert for in-court testimony is directly related to the claimant's appeal, the court must then determine the reasonableness of the fee. Consequently, we hold that an expert witness's fee for live in-court testimony is a reimbursable cost of legal proceedings pursuant to R.C. 4123.512(F), subject to the trial court's determination that the fee is reasonable.

{¶ 14} As applied to this case, we find that appellant is entitled to be reimbursed for the fee charged by Dr. Venizelos for his live testimony, subject to the trial court's determination of the reasonableness of the fee. Accordingly, we reverse the judgment of the court of appeals in part and remand this cause to the trial court to determine whether that fee was reasonable.

> Judgment reversed in part
> and cause remanded.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Kelley & Ferraro, L.L.P., Michael V. Kelley, Thomas M. Wilson and Robert A. Marcis II, for appellant.

Jim Petro, Attorney General, Gerald H. Waterman, Assistant Attorney General, Diane Richards Brey, Deputy Solicitor, and Douglas R. Cole, State Solicitor, for appellee Ohio Bureau of Workers' Compensation.