OPINION
{¶ 1} Defendant-appellant Brendalyn v. Reid appeals her conviction and sentence for one count of theft, in violation of R.C. § 2913.02(A)(1), a felony of the fifth degree, and one count of unauthorized use of property, in violation of R.C. § 2913.04(A), also a felony of the fifth degree. The trial court held that the second count of unauthorized use of property was an *Page 2 
allied offense of the theft count.
 {¶ 2} On October 30, 2003, Reid was indicted for one count of theft and one count of unauthorized use of property, both felonies of the fifth degree. Reid entered a plea of not guilty on February 4, 2004. After a jury trial held on April 17 and 18, 2006, Reid was found guilty of both counts contained in the indictment. The trial court sentenced Reid to a term of twelve (12) months imprisonment. She was also ordered to pay restitution to the victims, as well as any and all costs associated with her prosecution. Reid filed a timely notice of appeal on April 20, 2006.
 I {¶ 3} In the fall of 2003, Reid was a resident at the Family Violence Prevention Center located in Xenia, Ohio. On September 17, 2003, Reid decided to leave the Center. Pursuant to Center policy, Reid's belongings were searched prior to her discharge. Upon searching Reid's property, which had been placed in several black trash bags, Center employee Nicole Uhrig discovered many items stolen from the Center including fabric, patterns, sewing utensils, and stamps. The craft items taken by Reid were intended for use by residents of the Center for recreation, which included the creation of a quilt under the direction of a case manager at the Center.
 {¶ 4} As noted above, a jury found Reid guilty of theft and unauthorized use of property for which she was sentenced to twelve (12) months in prison. It is from this judgment that Reid now appeals.
 II {¶ 5} Reid's sole assignment is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN INSTRUCTING THE JURY AS TO THE *Page 3 
VALUE OF PROPERTY ALLEGEDLY STOLEN IN CASES OF THEFT AND UNAUTHORIZED USE OF PROPERTY."
 {¶ 7} In her sole assignment, Reid contends that the trial court erred when it instructed the jury as to the value of property in accordance with R.C. § 2913.61(D)(3) which states in pertinent part:
 {¶ 8} "(D) The following criteria shall be used in determining the value of property or services involved in a theft offense:"
 {¶ 9} "(3) The value of any real or personal property that is not covered under division (D)(1) or (2) of this section, and the value of services, is the fair market value of the property or services. As used in this section, `fair market value' is the money consideration that a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all facts material to the transaction, and that neither is under any compulsion to act."
 {¶ 10} Reid argues that the evidence presented at trial by the State with respect to the nature of the stolen goods clearly demonstrated that the craft items were either personal effects or household goods of the shelter or material, supplies, and/or equipment if the shelter is viewed as a business. Thus, Reid asserts that the trial court should have instructed the jury pursuant to R.C. 2913.61(D)(2) which states that "the value of personal effects and household goods, and of material, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner * * * is the cost of replacing the property with new property of like kind and quality." As the State notes in its brief, had the trial court provided the jury with an instruction pursuant to R.C. § 2913.61(D)(2), the value of the property taken would have been *Page 4 
the replacement value of such property, which would have, in turn, allowed for depreciation. If the depreciation value of the stolen items had been taken into account, Reid argues that she could only have been convicted for misdemeanor theft because the total would be less than the $500.00 required for a felony conviction.
 {¶ 11} In Googash v. Conrad (October 15, 2004), Montgomery App. Nos. 20184, 20191, 2004-Ohio-5796, we reiterated the following standard:
 {¶ 12} "In reviewing proposed errors to jury instructions, an appellate court must consider the jury charge as a whole and decide `whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.' Becker v. LakeCty. Mem. Hosp. W. (1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165. Thus, the proper standard of review is whether the trial court abused its discretion in instructing the jury as it did. State v. Wolons (1989),44 Ohio St.3d 64, 68, 541 N.E.2d 443."
 {¶ 13} After reviewing the record in this matter, we must conclude that the trial court did not abuse its discretion by instructing the jury pursuant to R.C. § 2913.61(D)(3) in regards to the fair market value of the stolen craft items. It is clear from the record that at the time the instructions were read to the jury that Reid did not object to the trial court's use of R.C. § 2913.61(D)(3) and fair market value as the basis for the instruction used by the court. Other than her assertion, Reid provides us with no authority to support her proposition that the trial court should have instructed the jury pursuant to R.C. § 2913.61(D)(2) to allow for a depreciation value of the items in question. Although the items stolen were of a mixed variety, several items bore their original price tags. Thus, the trial court did not err when it chose to instruct the jury to *Page 5 
value the items based on their fair market value.
 {¶ 14} Lastly, Reid argues that the valuation evidence presented at trial was insufficient to demonstrate that the cost of the stolen items exceeded $500.00. In State v. Bush (March 15, 1996), Darke App. No. 10896/10936, we held that circumstantial evidence could be used in a theft trial to demonstrate that the value of stolen items exceeded the statutory amount necessary for a conviction. In that case, the jury was shown photographs of the stolen merchandise. From those photographs, the jury found that the price of the items in question exceeded $300.00. We held in Bush that the jury could properly infer from looking at photographs of the stolen items that their worth exceeded $300.00.
 {¶ 15} In the instant case, many of the items stolen by Reid had price tags on them. Additionally, two witnesses, Nicole Uhrig and Kenna Ramey, testified that after Reid was arrested, the police officer requested that they inventory all of the items that were taken and list the prices indicated by the tags on the items. The jury was able to see the inventory list prepared by Ramey and Uhrig as well as the items, themselves. Clearly, the jury had before it direct and circumstantial evidence by which it could find that the items in question exceeded $500.00. Thus, the evidence was sufficient to support a finding of guilt for theft and unauthorized use of property against Reid.
 {¶ 16} Reid's sole assignment of error is overruled.
 IV {¶ 17} Reid's sole assignment of error having been overruled, the judgment of the trial court is affirmed. *Page 6 
FAIN, J., concurs.