[Cite as *Bland v. Ryan*, 2012-Ohio-3176.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

EUGENE C. BLAND

      Plaintiff-Appellant

v.

MARSHA P. RYAN, Administrator,
BUREAU OF WORKERS'
COMPENSATION, et al.

      Defendant-Appellees

Appellate Case No. 24826

Trial Court Case No. 2010-CV-08348

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of July, 2012.

. . . . . . . . . . .

GARY D. PLUNKETT, Atty. Reg. #0006136, and BRETT BISSONNETTE, Atty. Reg. #0076527, Hochman & Plunkett Co., L.P.A. 3077 Kettering Boulevard, Point West, Suite 210, Dayton, Ohio 45439
      Attorneys for Plaintiff-Appellant, Eugene C. Bland

LYDIA M. ARKO, Atty. Reg. #0085597, Office of the Attorney General, Workers'

Compensation Section, 150 East Gay Street, 22nd Floor, Columbus, Ohio 43215
        Attorney for Defendant-Appellee, Bureau of Workers' Compensation

CHRISTOPHER AEMISEGGER, Atty. Reg. #0082868, Thomas & Company, L.P.A., 163 North Sandusky Street, Suite 103, Delaware, Ohio 43015
        Attorney for Defendant-Appellee, AT&T Teleholdings, Inc.

. . . . . . . . . . . . .

HARSHA, J. (Sitting by Assignment)

{¶ 1}     Eugene Bland appeals the trial court's decision denying her reimbursement for certain expenses following a jury trial that established her right to participate in the workers' compensation fund.   Bland argues the trial court erred by failing to award her certain requested expenses.   Her expenses for photocopies, postage, meals and parking are costs traditionally charged to clients and have a direct relation to her appeal.   Accordingly, these expenses are reimbursable under R.C. 4123.512(F).   However, in the absence of any more specific evidence, we are unsure whether her requested "file initiation" expense is of the type traditionally charged to clients and directly related to her appeal.   Thus, we cannot say the trial court abused its discretion in concluding that Bland cannot recover this expense.

{¶ 2}     Accordingly, we remand the case for the trial court to determine whether the amount requested for the allowable expenses was reasonable, i.e. the amount to be reimbursed to Bland for photocopies, postage, meals and parking.

I. FACTS

{¶ 3}     After a trial involving Eugene Bland's workers' compensation claim, a jury found that she had the right to participate in the workers' compensation fund.   Bland then

filed a "Motion for Order on Plaintiff's Application for Award of Attorney's Fees and Expenses" requesting, in addition to attorney's fees, reimbursement for $5,330.92 in expenses under R.C. 4123.512 and *Kilgore v. Chrysler Corp.*, 92 Ohio St.3d 184, 749 N.E.2d 267 (2001). These expenses included "in-office expenses in the amount of $628.25 for photocopies, postage, fax, mileage, [and] parking." In response, AT&T filed "Defendant's Opposition to Plaintiff's Application for Award of Attorney's Fees and Expenses" and challenged $541.12 of Bland's requested "in-office" expenses. Specifically it disputed Bland's charges regarding $452 for photocopies, $12 for lunch during trial, $14 for parking during trial, $3.12 for postage and a $60 "file initiation expense." Notably it did not dispute Bland's expense for $87.13 in travel mileage.

{¶ 4} The trial court awarded Bland "reasonable expenses" in the amount of $4,789.80. However, it did not award Bland the $541.12 in contested expenses representing "photocopies, postage, fax, packaging, mileage, meals and parking" because it found that these fees were "every day costs of doing business in today's practice of law * * * [and] d[id] not bear directly on [Bland's] workers compensation appeal." As a result, Bland filed this appeal disputing the trial court's denial for reimbursement of the contested $541.12 in expenses.

## II. ASSIGNMENT OF ERROR

{¶ 5} Bland presents a sole assignment of error for our review:

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO AWARD CERTAIN EXPENSES REPRESENTING 'PHOTOCOPIES, POSTAGE, FAX,

PACKAGING, MILEAGE, MEALS AND PARKING' FOLLOWING A SUCCESSFUL PROSECUTION OF PLANTIFF'S APPEAL OF A WORKERS' COMPENSATION CLAIM UNDER R.C. 4123.512.

### III. LAW AND ANALYSIS

#### A. Standard of Review

{¶ 7}    The decision to grant or deny fees and costs under R.C. 4123.512(F) lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Holmes v. Crawford Machine, Inc*., 3rd Dist. Crawford Nos. 3-11-09, 3-11-10 and 3-11-12, 2011-Ohio-5741, ¶ 66.   Rather than simply an error of law or judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 19.

#### B. Legal Standard

{¶ 8}    R.C. 4123.512(F) allows for the reimbursement of the "costs of any legal proceedings" incurred by claimants who bring successful workers' compensation appeals. *Schuller v. U.S. Steel Corp.*, 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, ¶ 6.   The statute provides:   "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer

contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars."

{¶ 9} Thus, R.C. 4123.512(F) applies to claimants who have been forced to file an appeal because they were initially incorrectly denied the right to participate in the fund. *Kilgore*, 92 Ohio St.3d at187, 749 N.E.2d 267. "These claimants incur out-of-the-ordinary expense in order to establish their right to participate, additional expense that other claimants do not incur. While just as worthy, their award becomes functionally less than other claimants with the same injury. R.C. 4123.512(F) serves to diminish that incongruity." *Id.*

{¶ 10} The Supreme Court of Ohio has interpreted the phrase "cost of any legal proceedings" broadly and recognized that "the purpose of allowing reimbursement under R.C. 4123.512 is 'to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund.'" *Schuller*, 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, at ¶ 7, quoting *Moore v. Gen. Motors Corp., Terex Div.*, 18 Ohio St.3d 259, 261-262, 480 N.E.2d 1101 (1985) (construing former R.C. 4123.519, the predecessor of R.C. 4123.512). Following R.C. 4123.95's requirement that workers' compensation statutes are to be "liberally construed in favor of employees," the Supreme Court of Ohio has allowed reimbursement for reasonable litigation expenses connected with the preparation and presentation of a successful appeal. *Schuller* at ¶¶ 7, 8. These are expenses that "might have the effect of unreasonably dissipating a claimant's award." *Id.* at ¶ 8.

{¶ 11} Although expenses for "everyday costs of doing business" are not reimbursable, the Supreme Court of Ohio has stressed that the "cost of legal proceedings" language in R.C. 4123.512(F) "'applies to costs bearing a direct relation to a claimant's appeal

that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award.'" *Id.*, quoting *Kilgore*, 92 Ohio St.3d at 188, 749 N.E.2d 267. This means reimbursement for such expenses is subject to the trial court's determination of their "reasonable necessity to the presentation of the claimant's appeal." *Schuller,* 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, at ¶ 8. And, once it is determined that an expense is directly related to the appeal, the trial court must then determine the reasonableness of the cost, i.e. the amount to be reimbursed. *Id.* at ¶ 13.

## C. Analysis

{¶ 12}    Bland contends that the trial court abused its discretion by denying her reimbursement for $541.12 in litigation expenses under R.C. 4123.512(F) and *Kilgore*. Bland asserts that these expenses were all reasonable costs properly chargeable to AT&T under our holding in *Paris v. Dairy Mart-Lawson Co.*, 2d Dist. Montgomery No. 19871, 2003-Ohio-6673, and were not ordinary costs of doing business, as the trial court found. AT&T agrees with the trial court's conclusion and claims that these types of expenses are not typically charged to clients and do not bear directly on Bland's appeal.

{¶ 13}    AT&T relies in part on our holding in *Banfill v. Admr., Bur. of Workers' Comp.*, 2d Dist. Montgomery No. 17294, 1998 WL 879110 (Dec. 18, 1998), to support its assertion that the challenged expenses by Bland are personal expenses or everyday costs of doing business. In *Banfill*, we found that charges for medical records, photocopies, long distance telephone calls and facsimiles were not reimbursable expenses under R.C. 4123.512. However, *Banfill* was decided before the Supreme Court's decision in *Kilgore*, and we

subsequently held in *Paris* that the claimant's costs of court filings, investigative services, reporting services, travel expenses, photocopies, trial exhibits, witness fees, facsimiles, and Federal Express messenger service were costs traditionally charged to clients and had a direct relation to her workers' compensation appeal. *Paris* at ¶ 34. Under the Supreme Court's holding in *Kilgore*, we found that these expenses were not ordinary overhead costs or everyday expenses associated with the practice of law. *Id.* To the extent that our decision in *Banfill* conflicts with *Paris*, the more recent case is controlling. *See Williams v. Bur. of Workers' Comp.*, 10th Dist. Franklin No. 09AP-1076, 2010-Ohio-3210, ¶ 18. Therefore, we disagree with AT&T that we should look to *Banfill* for guidance and consider *Paris* controlling on this issue.

{¶ **14**} In essence, our reading of *Kilgore*, *Schuller* and *Paris* reveals a three pronged analysis for deciding reimbursement issues under R.C. 4123.512(F). First, the court must determine whether the expense is of the type or category for which reimbursement is authorized, i.e. things lawyers traditionally charge to clients like travel expenses (*Kilgore*), expert witness fees (*Schuller*) photocopies, facsimiles, investigative service, court filings, etc. (*Paris*), as opposed to overhead, e.g. utilities, equipment leases, legal subscriptions and office supplies, which are not. Next, the court must determine whether those allowable categories of costs were actually and directly related to the claimant's appeal, i.e. whether they were reasonably necessary for the effective presentation of the claim. Finally, the court must decide whether the amount requested for allowable and directly related expenses was reasonable. *Schuller* at ¶13.

**{¶ 15}** In the present case, the trial court denied Bland reimbursement for $541.12 in expenses it determined represented "photocopies, postage, fax, packaging, mileage, meals and parking." The court found these expenses were the "every day costs of doing business in today's practice of law," and did not "bear directly on [Bland's] workers compensation appeal." However, this decision is somewhat confusing because the record shows that the court actually granted Bland reimbursement for travel mileage and we cannot find where Bland claimed any expense for packaging. Instead, Bland's application and AT&T's opposition to the application show the denied $541.12 in expenses represented parking during trial, lunch during trial, postage, photocopies and a "file initiation expense." Bland did not request an oral hearing on her "Motion for Order on Plaintiff's Application for Award of Attorney's Fees and Expenses" and consequently the only evidence in the record regarding these expenses is the exhibits attached to her application.

**{¶ 16}** Initially, we address the file initiation fee. Because there was no evidence other than an accounting entry to support this expense, we are unsure what her requested "file initiation" expense represents; consequently, we are unable to say that this is an expense traditionally charged to clients or directly related to her appeal. Thus, the trial court did not abuse its discretion, and we affirm its judgment, to the extent it concluded Bland cannot recover this expense.

**{¶ 17}** However, following the standards set forth in by the Supreme Court in *Kilgore* and our holding in *Paris*, Bland's expenses for photocopies, postage, parking and lunch during trial are costs traditionally charged to clients and have a direct relation to her appeal. We disagree with AT&T that these expenses are the everyday costs of doing business

and conclude they are the type of costs that are reimbursable under R.C. 4123.512(F). We also conclude they were reasonably necessary for the effective presentation of the claim. In making these decisions we are mindful that R.C. 4123.95 requires us to liberally construe workers' compensation statutes in favor of employees.

{¶ 18} Because the trial court ruled these expenses were overhead and were not directly related to the appeal, it did not address whether the amounts claimed were reasonable. Upon remand, the amount to be reimbursed must still be determined by the trial court. *See Schuller*, 103 Ohio St.3d 157, 814 N.E.2d 857, 2004-Ohio-4753, at ¶13.

{¶ 19} Accordingly, we reverse the judgment of the trial court and remand this cause to determine whether the requested amounts of these expenses were reasonable, i.e. the amount to be reimbursed to Bland for photocopies, postage, meals and parking.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

(Hon. William H. Harsha, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Gary D. Plunkett
Brett Bissonnette
Lydia M. Arko
Christopher Aemisegger
Hon. John D. Schmitt
    (sitting for Hon. Dennis J. Langer)