[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 184.]

KILGORE, APPELLEE, *v*. CHRYSLER CORPORATION ET AL., APPELLANTS.

[Cite as *Kilgore v. Chrysler Corp.*, 2001-Ohio-166.]

*Workers' compensation—In appeal brought pursuant to R.C. 4123.512(A), attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable "cost of any legal proceedings" under R.C. 4123.512(F).*

(Nos. 00-512 and 00-551—Submitted December 13, 2000—Decided July 5, 2001.)

CERTIFIED by and APPEALS from the Court of Appeals for Montgomery County, Nos. 17906 and 17915.

————————————

SYLLABUS OF THE COURT

In a workers' compensation appeal brought pursuant to R.C. 4123.512(A), an attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable "cost of any legal proceedings" under R.C. 4123.512(F).

————————————

PFEIFER, J.

{¶ 1} In this case, we face the question of whether travel expenses incurred in taking the deposition of an expert in a workers' compensation appeal are reimbursable as a "cost of [a] legal proceeding" pursuant to R.C. 4123.512(F). We hold that travel expenses necessary for prosecuting a workers' compensation appeal are reimbursable under R.C. 4123.512(F).

*Factual and Procedural Background*

{¶ 2} On January 7, 1988, the appellee, William Kilgore, suffered a work-related injury while employed by appellant, Chrysler Corporation ("Chrysler"). Kilgore filed a workers' compensation claim, and Chrysler recognized certain injuries pursuant to that claim. In October 1990, Kilgore filed a motion to have his

workers' compensation claim allowed for conditions additional to those recognized by Chrysler. When that motion was denied at the administrative level, Kilgore appealed the denial to the Montgomery County Common Pleas Court.

{¶ 3} As a part of that appeal, the parties agreed to depose Kilgore's expert, Dr. Dwight Jacobus, D.O., who had moved to Dillon, South Carolina. Chrysler was to conduct a discovery deposition; a video deposition by Kilgore's counsel for use at trial was to follow. The video deposition was scheduled for March 10, 1995, with the discovery deposition to be held the day before. However, Chrysler's counsel failed to appear for the March 9 discovery deposition due to a flight cancellation. When she arrived for the video deposition the following morning, Kilgore's counsel allowed her to first conduct her discovery deposition. When it became apparent that the attorneys could complete neither the discovery nor video depositions in the time they had allotted, they agreed to return to Ohio and discuss further deposition options at a later date.

{¶ 4} A telephone deposition from Ohio that had been scheduled for March 16 was ultimately cancelled, and the deposition was rescheduled for April 18, 1995, in South Carolina. After Kilgore's counsel had arrived in South Carolina, he learned that the scheduled videographer had taken ill and that no replacement could be found. Counsel returned to Ohio without a deposition. Finally, on April 27, 1995, counsel conducted the video deposition of Dr. Jacobus in South Carolina.

{¶ 5} The case was tried before a magistrate on September 1, 1995, and Kilgore prevailed in his appeal. As part of her decision, the magistrate ordered Chrysler to pay the costs of the action. The trial court affirmed the magistrate's decision. Chrysler appealed that decision but withdrew its appeal on September 6, 1996.

{¶ 6} On March 1, 1999, Kilgore filed a petition for attorney fees and costs pursuant to R.C. 4123.512. Among other things, Kilgore sought payment for his counsel's three trips to South Carolina at a total cost of $1,845. On July 9, 1999,

the trial court granted Kilgore's petition for costs for the March 10 and April 27 trips but not for the ill-fated ill videographer trip of April 18, 1995, since no deposition took place on that date. Chrysler appealed that decision to the Montgomery County Court of Appeals, as did the Industrial Commission of Ohio ("commission") and the Bureau of Workers' Compensation ("bureau"). The appellate court consolidated the cases and ultimately affirmed the trial court on February 4, 2000.

{¶ 7} The bureau, the commission, and Chrysler filed a motion to certify a conflict between appellate districts pursuant to App.R. 25 and Section 3(B)(4), Article IV of the Ohio Constitution. On March 14, 2000, the court of appeals sustained the motion and certified the conflict to this court.

{¶ 8} On March 20, 2000, the bureau, the commission, and Chrysler also appealed the February 4, 2000 appellate decision to this court. On March 27, 2000, the bureau and the commission filed a notice of certified conflict here, and on April 13, 2000, Chrysler did likewise.

{¶ 9} In an order of May 31, 2000, this court certified the following issue: "Whether an attorney's travel expenses incurred in taking the deposition of an expert witness are reimbursable 'costs of any legal proceeding' under R.C. 4123.512(F)." This court issued another order on May 31, 2000, accepting the appeals filed by the three appellants.

{¶ 10} The cause is now before this court upon the certification of a conflict and the allowance of discretionary appeals.

*Law and Analysis*

{¶ 11} The overarching consideration in this case is the requirement imposed by R.C. 4123.95 that workers' compensation statutes are to be "liberally construed in favor of employees." We have held in the past that statutes to reimburse plaintiffs who win workers' compensation appeals are "designed to minimize the actual expense incurred by an injured employee who establishes his

or her right to participate in the fund." *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 261-262, 18 OBR 314, 316, 480 N.E.2d 1101, 1103. This court also noted that by enacting such statutes, the General Assembly "has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal * * *." *Id.* at 262, 18 OBR at 317, 480 N.E.2d at 1103. Before that backdrop, we examine the relevant issues in this case.

{¶ 12} R.C. 4123.512 addresses the reimbursibility of certain claimants' expenditures incurred in bringing workers' compensation appeals. R.C. 4123.512(D) concerns payment for physicians' depositions filed with the court. No matter the outcome of the appeal, claimants are reimbursed for that cost. The statute provides:

"Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. In the event the deposition is taken and filed, the physician whose deposition is taken is not required to respond to any subpoena issued in the trial of the action."

{¶ 13} Thus, win or lose, a claimant may recover the costs of his own doctor's deposition if the deposition is filed with the court. If the claimant loses, the reimbursement comes from the Surplus Fund; if the claimant wins, reimbursement is charged against the party challenging the claimant's eligibility.

{¶ 14} R.C. 4123.512(F) is different. It addresses a broader class of reimbursable costs that are payable to a claimant who is adjudged on appeal to be eligible to participate in the fund. The statute states:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."

{¶ 15} R.C. 4123.512(F) applies to claimants who may rightfully participate in the fund but have been denied that right and have been forced to appeal. These claimants incur out-of-the-ordinary expense in order to establish their right to participate, additional expense that other claimants do not incur. While just as worthy, their award becomes functionally less than other claimants with the same injury. R.C. 4123.512(F) serves to diminish that incongruity. In *Moore*, this court held that an expert witness's fee is reimbursable to a successful claimant under the precursor to R.C. 4123.512(F). *Id.*, 18 Ohio St.3d at 262, 18 OBR at 317, 480 N.E.2d at 1103.

{¶ 16} Despite the important differences between R.C. 4123.512(D) and (F), appellants would have us base our decision today on *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 646 N.E.2d 830, which interpreted the precursor to R.C. 4123.512(D). In *Williams*, this court held that that statute permitted only the recovery of either the stenographic or videographic cost of a party's expert deposition but not both. Appellants find relevance in this court's statements in *Williams* that "expenses" and "costs" are not synonymous, " 'unless expressly made so by statute.' " 71 Ohio St.3d at 643, 646 N.E.2d at 832, quoting

*Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201. Appellants characterize travel expenses as nonreimbursable "expenses" rather than "costs."

{¶ 17} However, *Williams* was clearly interpreting the "cost of deposition" language of R.C. 4123.512(D). It was not dealing with the "cost of any legal proceeding" language of *Moore* and R.C. 4123.512(F). As the *Williams* court held, "since the claimant in the instant case did not prevail, *Moore* does not control." *Williams*, 71 Ohio St.3d at 645, 646 N.E.2d at 833.

{¶ 18} Since Kilgore did prevail in his appeal, *Moore* is controlling here; *Williams* is not. As the *Moore* court noted, the traditional dichotomy between "costs" and "expenses" in civil cases as set forth in *Benda* is not directly applicable in the workers' compensation area. The court stated that the limited nature of the recovery for workers' compensation claims distinguishes those cases from tort claims. The *Moore* court found that the broad grant of reimbursement for the "cost of any legal proceeding authorized by this section" evidenced an intent by the General Assembly to prevent the dissipation of a claimant's recovery "by reasonable litigation expenses." *Id.*, 18 Ohio St.3d at 262, 18 OBR at 317, 480 N.E.2d at 1103.

{¶ 19} We find that, like an expert witness's fee, travel expenses incurred in taking the deposition of an out-of-town expert witness are a reasonable litigation expense that might have the effect of unreasonably dissipating a claimant's award. Allowing reimbursement works to "minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund." *Moore* at 261-262, 18 OBR at 316, 480 N.E.2d at 1103. Therefore, we hold that in a workers' compensation appeal brought pursuant to R.C. 4123.512(A), an attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable "cost of any legal proceedings" under R.C. 4123.512(F).

{¶ 20} Appellants paint a picture of trial courts overwhelmed by requests for reimbursement for staples, paper clips, and, presumably, a claimant's lawyer's lucky tie if they are used in a successful appeal. However, our decision today does not allow reimbursement for everyday costs of doing business. It applies to costs bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award. As in the case at bar, approval of an attorney's travel expenses incurred in taking an expert's deposition is subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal.

{¶ 21} The travel expenses awarded by the trial judge meet those criteria. We accordingly affirm the judgment of the court of appeals.

*Judgment affirmed.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**MOYER, C.J.**, **dissenting**.

{¶ 22} The trial court ordered appellee's employer to pay travel expenses incurred by the claimant's attorney in deposing an expert witness who had moved out of state. The court's order was based on R.C. 4123.512(F), which allows "*the cost of any legal proceedings* authorized by this section, including an attorney's fee to the claimant's attorney" to be charged to an employer who is unsuccessful in the court of common pleas in an appeal authorized by R.C. 4123.512.

{¶ 23} The majority upholds this trial court order, thereby disregarding long-standing common-law statutory interpretation, presumably known to the General Assembly, that " 'costs are not synonymous with expenses unless expressly made so by statute.' " *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 643, 646 N.E.2d 830, 832, quoting *Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201; *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982),

69 Ohio St.2d 50, 51, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926. The majority engrafts meaning onto R.C. 4123.512(F) that simply cannot be discerned from its language.

{¶ 24} Broadening R.C. 4123.512(F) presages more and more cost-shifting to employers who are forced to defend Industrial Commission decisions denying workers' compensation claims in R.C. 4123.512 appeals. Will an employer who ultimately loses such an appeal in the court of common pleas be held liable not only for travel expenses incurred by the claimant's lawyer in deposing experts but also for the costs of preparing trial exhibits to be used in the common pleas court? Must the employer pay the claimant's expenses in copying pretrial or trial memoranda? Will not the claim be made that the professional fees of expert witnesses consulted by the claimant, whether or not called as witnesses, are rightfully charged to an unsuccessful employer as a "cost of any legal proceedings?"

{¶ 25} The majority notes that R.C. 4123.95 provides that workers' compensation statutes are to be "liberally construed in favor of employees." However, R.C. 4123.95 does not authorize this court to effectively rewrite the statutory system in favor of claimants and their lawyers to assure them favorable results.

{¶ 26} The majority further posits, based on dicta found in the majority opinion of a divided court in 1985, that "a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal." *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 262, 18 OBR 314, 317, 480 N.E.2d 1101, 1103. That this language overinflates the meaning of the cost-reimbursement statute here at issue is manifestly illustrated by the fact that R.C. 4123.512(F) expressly limits the amount of the claimant's attorney fee that may be charged to the employer to a fee "not [to] exceed twenty-five hundred dollars." Had the General Assembly been opposed to the idea that some costs of litigation are properly charged to a successful claimant, it would not have imposed a monetary limit to the assessment of reasonable attorney fees.

{¶ 27} Pursuant to today's holding, a claimant presumably is entitled to reimbursement for travel expenses to any location in the world to which a doctor has relocated. Such an interpretation is incongruous with the General Assembly's inclusion of a monetary limit on the assessment of an attorney fee.

{¶ 28} It is well established that specific statutory provisions govern over general provisions. R.C. 1.51. Had the General Assembly intended to assess a lawyer's travel expenses associated with the taking of depositions as costs, it would have placed such a provision in R.C. 4123.512(D), which expressly addresses deposition costs, rather than leaving the question to be inferred from the more general language of R.C. 4123.512(F). Accord *Breidenbach v. Conrad* (1997), 122 Ohio App.3d 640, 645, 702 N.E.2d 509, 512 ("While broader in scope, the costs recoverable under subsection [F] cannot be read to duplicate the coverage allowed under the more specific provision of R.C. 4123.512[D], since to do so would eviscerate subsection [D] and frustrate the legislature's clear intent to provide specialized recovery for deposition costs. * * * [T]he reimbursement of such costs is solely determined under the specific provision of R.C. 4123.512[D]").

{¶ 29} Moreover, it is not surprising that the General Assembly failed to provide for recovery of expenses associated with the taking of physician depositions beyond the stenographic costs of preparing and copying the depositions themselves. Subsection (D), read in its entirety, represents a legislative balancing of the need for physician testimony at trial with the possible unavailability of physicians to appear personally at an R.C. 4123.512 hearing. It therefore provides for the filing of deposition testimony of a doctor in lieu of personal appearance "even though the physician is a resident of or subject to service in the county in which the trial is had." Accordingly, where a physician's testimony is offered by way of deposition, subsection (D) provides that "the physician whose deposition is taken is not required to respond to any subpoena issued in the trial of the action."

**{¶ 30}** However, in the event that deposition testimony is to be offered, subsection (D) first provides that the cost of a "stenographic deposition filed in court and of copies of the stenographic deposition for each party" is not to be borne by the claimant in an R.C. 4123.512 appeal. Rather, those costs are to be paid by the bureau and assessed against the unsuccessful party, *i.e.*, the employer, if the claimant's appeal ultimately succeeds.

**{¶ 31}** Read as a whole, it is apparent that the purpose of R.C. 4123.512(D) is to accommodate the needs of physicians and the needs of the court. Its purpose is not to provide unlimited financial reimbursement to claimants for the expenses incurred in obtaining that deposition testimony any more than the purpose of subsection (F) is to provide unlimited financial reimbursement to claimants for general litigation expenses incurred in the preparation and prosecution of an R.C. 4123.512 appeal.

**{¶ 32}** The majority asserts that today's decision will not result in the assessment of the costs of staples, paper clips, and the "lawyer's lucky tie" to unsuccessful employers pursuant to subsection (F), nor allow unsuccessful employers to be charged for the everyday costs of doing business incurred by a claimant's attorney. It assures us that its decision to allow reimbursement of litigation costs will be limited to costs "bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award." How such a three-pronged standard can be conjured out of the use of the words "costs of any legal proceedings" in R.C. 4123.512(F) is unclear, except for the simple explanation that the majority is not interpreting that statute—it is rewriting it.

**{¶ 33}** For the foregoing reasons, I dissent.

Cook and Lundberg Stratton, JJ., concur in the foregoing dissenting opinion.

————————————

*Michael E. Susco*, for appellee.

*Coolidge, Wall, Womsley & Lombard Co., L.P.A.*, and *Jeffrey D. Snyder*, for appellant Chrysler Corporation.

*Betty D. Montgomery*, Attorney General, and *Steven P. Fixler*, Assistant Attorney General, for appellants Bureau of Workers' Compensation and Industrial Commission of Ohio.

————————————