JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Ford Motor Company ("Ford")[1] appeals the decision of the trial judge in awarding costs to Plaintiff-appellee Charles V. Dixon ("Dixon") for procuring the live testimony at trial of a medical expert witness relating to Dixon's appeal of an administrative denial of his workers' compensation claim. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} Dixon filed a workers' compensation claim against Ford that was denied at the administrative level. Dixon appealed this denial by filing an action in Cuyahoga County Common Pleas Court. During trial, Dixon presented the in-court testimony of a medical expert witness. Dixon incurred a cost of $2,062.50 for that expert witness's in-court testimony. The jury eventually found in favor of Dixon and granted him the right to participate in the workers' compensation fund. Dixon filed a motion for attorney's fees and costs under R.C. 4123.512(F). That motion included Dixon's cost for procuring the in-court testimony of his medical expert witness. Ford filed a brief in opposition to that motion. The trial judge granted Dixon's motion. Ford now appeals the portion of the trial judge's award relating to Dixon's cost for procuring the in-court testimony of his medical expert witness and advances one assignment of error for our review.
 {¶ 4} "A. The trial court incorrectly held that Dixon was entitled to an award of costs in the amount of two thousand sixty two dollars and fifty cents ($2,062.50) representing the cost of procuring the live witness testimony at trial of Dixon's expert, Paul C. Venizelos, M.D."
 {¶ 5} We review the trial judge's decision on an award of fees and costs under R.C. 4123.512(D) and (F) using an abuse of discretion standard. "Pursuant to Evid. R. 403(B), a trial judge has discretion to limit the award of costs for expert witnesses to those experts who are reasonably necessary to the presentation of the claimant's appeal." Moorev. General Motors Corp. (1985), 18 Ohio St.3d 259.
 {¶ 6} An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Clark, 71 Ohio St.3d 466, 470,1994-Ohio-43. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 138. With this standard in mind, we review the matter before us.
 {¶ 7} The two pertinent code sections regulating the award of fees and costs in a workers' compensation appeal are R.C. 4123.512(D) and (F).
 {¶ 8} R.C. 4123.512(D) states in pertinent part: "* * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. In the event the deposition is taken and filed, the physician whose deposition is taken is not required to respond to any subpoena issued in the trial of the action * * *."
 {¶ 9} This section "concerns payment for physicians' depositions filed with the court. No matter the outcome of the appeal, claimants are reimbursed for that cost." Kilgore v. Chrysler Corporation (2000),92 Ohio St.3d 184, 186. This section encourages claimants to obtain the deposition testimony of expert witnesses for use at trial by assuring their reimbursement for that cost regardless of the outcome of the appeal.
 {¶ 10} R.C. 4123.512(F) states in pertinent part: "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars." Unlike section (D), section (F) is only triggered by a successful appeal by the claimant.
 {¶ 11} The Ohio Supreme Court has emphasized that the "overarching consideration in [cases involving this statute] is the requirement imposed by R.C. 4123.95 that workers' compensation statutes are to be liberally construed in favor of employees." Kilgore,92 Ohio St.3d at 185.
 {¶ 12} Following Dixon's successful appeal, he filed for an award of attorney's fees and costs as provided for in R.C. 4123.512(F). He did so by reading the "cost of any legal proceedings" language as permitting an award for the costs of his medical expert's in-court testimony. The trial judge awarded both attorney's fees and certain costs, including the cost Dixon paid for the in-court testimony of his medical expert witness. Ford contests only the award of costs for the medical expert's in-court testimony.
 {¶ 13} Ford's argument is that the cost of a medical expert's in-court testimony is not enumerated in the statute and, therefore, is not reimbursable to the claimant. Moreover, Ford argues this award is contrary to the purpose of these sections in restricting a claimant's award of costs to only expert witness deposition testimony. Ford surmises that "[the legislature] did not want to give the claimant uncontrolled latitude in presenting expert witnesses and causing the employer to incur much higher costs because of the inherent additional costs incurred when a doctor testifies live." The Ohio Supreme Court has interpreted the purpose of these sections differently.
 {¶ 14} The purpose of sections (D) and (F) is to insure that claimants who are successful on appeal do not have their awards "dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal." Kilgore,92 Ohio St.3d at 186.
 {¶ 15} Without these reimbursement statutes, similarly situated claimants could receive significantly different awards. A claimant successful at the administrative level would receive a larger award than an identically situated claimant successful only upon appeal after incurring attorney's fees and witness-related costs to prosecute that appeal.
 {¶ 16} In limiting trial courts to awarding only those costs enumerated in the statute, Ford cites a previous decision of this court interpreting the precursor to section (D) which "decline[d] to further extend R.C. 4123.519 to authorize recovery for live testimony, in the absence of express statutory authority for doing so." Champa v. TopServices (Mar. 30, 1989), Cuyahoga App. 55229. Two other cases, relying on Champa, have held likewise. See Andrew v. Sajar Plastics, Inc.
(1994), 98 Ohio App.3d 61 and Cunningham v. Goodyear Tire RubberCo. (1995), 104 Ohio App.3d 385. All three of the lower court cases above predate the Ohio Supreme Court's decision in Kilgore. Further, for the reasons below, we decline to follow Champa and, therefore, decline to address the cases cited by Ford that followed Champa.
 {¶ 17} In Kilgore, the Supreme Court affirmed a claimant's award of travel expenses under 4123.512(F) incurred in taking the deposition of an out-of-town expert in a workers' compensation claim. Kilgore, supra.
 {¶ 18} In so doing, the Supreme Court adopted a standard of analyzing the award of fees and costs connected with R.C. 4123.512(F) as compared to "reasonable litigation expense[s] that might have the effect of unreasonably dissipating a claimant's award." Kilgore,92 Ohio St.3d at 187-188. They found the award of travel expenses "subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal." Kilgore, 92 Ohio St.3d at 188.
 {¶ 19} To rule as Ford argues would require claimants to sacrifice strategy for economy. For various reasons, counsel for a claimant may find in-court testimony of an expert preferable to video deposition testimony. Allowing the taxing of costs for deposition testimony, but prohibiting the taxing of costs for in-court testimony would create a fundamental unfairness to claimants. It would penalize a successful claimant for their attorney's strategic decision to present live testimony of an expert witness or would force a possibly undesirable strategic decision to rely only on deposition testimony in the interest of saving money.
 {¶ 20} This decision does not compel a trial court to tax as costs all or any part of the cost of an expert witness's in-court testimony. "The trial court may * * * decline to order payment of any part of such costs which it finds unreasonable. The burden to show unreasonableness is on the employer or commission against which the cost would be taxed."Sturgill v. Elder Beerman Stores, Corp., Greene App. No. 02CA0062, 2003-Ohio-52. In accordance with Sturgill, we hold that the decision to award or not award costs to a successful claimant for the in-court testimony of an expert witness in a workers' compensation appeal will not be reversed absent an abuse of discretion. A trial court may not favor the use of deposition testimony over in-court testimony when making a decision to tax as costs the fee charged by an expert witness used in a workers' compensation appeal.
 {¶ 21} Consistent with Kilgore, we find the trial judge did not abuse his discretion in awarding the costs for the in-court testimony of Dixon's medical expert as a reimbursable "cost of any legal proceedings" under R.C. 4123.512(F).
 {¶ 22} This assignment of error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and TIMOTHY E. MCMONAGLE, J., concur.
[1] Bureau of Workers Compensation is not a party to this appeal.