[Cite as *Wasinski v. PECO II, Inc.*, 189 Ohio App.3d 550, 2010-Ohio-4293.]


IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY


WASINSKI,

      APPELLEE,

      v.                                   CASE NO.  3-10-01

PECO II, INC.,

      APPELLEE;

                                         **O P I N I O N**

RYAN, ADMR.,

      APPELLANT. (Two cases.)


Appeals from Crawford County Common Pleas Court
Trial Court Nos. 06-CV-0068 and 06 CV 0508

Judgments Affirmed in Part, Reversed in Part and Causes Remanded

Date of Decision:    September 13, 2010


APPEARANCES:

      **Jetta Mencer,** for appellee Jodi Wasinski.

      **Richard Cordray,** Attorney General, and **Kevin J. Reis,** Assistant Attorney General, for appellant.

PRESTON, Judge.

**{¶1}** Defendant-appellant, administrator, Ohio Bureau of Workers' Compensation ("BWC"), appeals the January 12, 2010 judgment entry of the Court of Common Pleas, Crawford County, Ohio, ordering BWC to pay deposition expenses and mileage expenses to a successful workers' compensation claimant, plaintiff-appellee, Jodi D. Wasinski. For the reasons that follow, we affirm in part and reverse in part.

**{¶2}** This is the second time that this particular workers' compensation case has been up on appeal. In the prior appeal, this court ultimately affirmed the trial court's judgment entry granting Wasinski her right to participate in the workers' compensation fund for two conditions. The issue in this appeal deals with the trial court's January 12, 2010 judgment entry, which granted Wasinski's motion for payment of costs and fees associated with the jury trial pursuant to R.C. 4123.512(D) and (F).

**{¶3}** The procedural history of this case is not in dispute. Wasinski was employed by PECO II, Inc., a company doing business in Crawford County, Ohio. On or about January 20, 2001, Wasinski was injured in an automobile accident while she was in Dallas, Texas, on a business trip in the course of her employment

with PECO. Wasinski filed an application for payment of compensation and benefits with the Industrial Commission of Ohio under the Ohio Workers' Compensation Act. This claim was allowed by the Industrial Commission of Ohio for injuries described as contusion to scalp and left knee, cervicothoracic strain, and lumbosacral strain.

{¶4} On February 7, 2003, Wasinski moved to have her original claim modified to include the following additional allowances: (1) major depression single episode and moderate conversion disorder, (2) deferred with dependent traits, (3) multiple pain sites and neurological symptoms, and (4) pain symptoms and neurological symptoms, moderate. Wasinski's motion was denied by a district hearing officer on July 23, 2003, and by a staff hearing officer on September 15, 2003. The Industrial Commission refused Wasinski's appeal on October 11, 2003.

{¶5} On December 8, 2003, Wasinski filed an appeal of the October 11, 2003 decision with the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512. This case was transferred to the Crawford County Court of Common Pleas and assigned case No. 04-CV-011. However, on February 23, 2004, the case was dismissed without prejudice pursuant to Civ.R. 41(A)(1). On February 14, 2006, Wasinski refiled her complaint, naming PECO and appellant, the administrator of BWC, as defendants. This case was assigned case No. 06-

CV-0068. The complaint alleged the right to participate in the benefits of the workers' compensation fund for major depression, single episode.

{¶6} On May 12, 2006, Wasinski filed another motion with the BWC, requesting that her original claim again be additionally allowed for postural tachycardia syndrome and autonomic neuropathy. On August 11, 2006, a district hearing officer granted Wasinski's motion. PECO appealed the district hearing officer's decision, and on September 22, 2006, a staff hearing officer vacated the district hearing officer's decision and denied Wasinski's motion. On October 6, 2006, the Industrial Commission refused Wasinski's appeal from the staff hearing officer's decision.

{¶7} Consequently, on November 27, 2006, Wasinski filed a notice of appeal from the Industrial Commission's October 6, 2006 decision with the Crawford County Court of Common Pleas. On this same date, Wasinski also filed a complaint and jury demand in which she alleged her right to participate in the benefits of workers' compensation fund for the conditions of postural tachycardia syndrome and autonomic neuropathy. This matter was assigned case No. 06-CV-0508.

{¶8} Case No. 06-CV-0508 and case No. 06-CV-0068 were consolidated for trial purposes on January 19, 2008, and the matters proceeded to a jury trial on May 13, 14, 15, and 16, 2008. At the close of all the evidence, the jury returned a

verdict in favor of Wasinski on both of her proposed conditions.  Specifically, the jury determined that Wasinski was entitled to participate in the benefits of the workers' compensation fund for the condition of postural tachycardia syndrome and for the condition described as major depression, single episode.

{¶9} Subsequently, BWC appealed to this court, asserting various evidentiary and procedural errors allegedly made by the trial court during the jury trial.  In addition, Wasinski filed a cross-appeal asserting additional errors, most of which were dependent upon this court sustaining one or more of BWC's assignments of error.  Ultimately, on July 15, 2009, this court overruled both Wasinski's and BWC's assignments of error, and we affirmed the trial court's judgment entry granting Wasinski her right to participate in the workers' compensation fund for her two proposed conditions.  *Wasinski v. PECO II, Inc.*, 3d Dist. Nos. 3-08-14 and 3-08-16, 2009-Ohio-2615.

{¶10} On August 5, 2009, Wasinski renewed her motion in the trial court for payment of costs and fees associated with the jury trial proceedings pursuant to R.C. 4123.512(D) and (F).  BWC agreed to some of the costs and fees requested by Wasinski but objected to the expenses related to two particular depositions and mileage expenses for Wasinski's attorney, claiming that they were not authorized under the statute.  On January 12, 2010, the trial court ordered the payment of all

of the expenses sought by Wasinski, including the following costs at issue in this appeal:

| | |
|---|---|
| Deposition witness fee of Robert Jones, M.D. | $900.00 |
| Transcript fee for deposition of Robert Jones, M.D. | $507.15 |
| Video deposition recording fee for Robert Jones, M.D. | $575.00 |
| Mileage travel to deposition of Robert Jones, M.D. | $123.32 |
| Mileage to court of appeals argument | $ 96.96 |
| Transcript (discovery) deposition of Blair Grubb, M.D. | $269.55 |

{¶11} BWC now appeals and raises three assignments of error. For ease of our discussion, we elect to address all of BWC's assignments of error together.

Assignment of Error No. I

The trial court erred in ordering the defendant administrator to pay, under R.C. 4123.512, the claimant's expert's fee, video deposition expense, transcript deposition expense and counsel's mileage to and from the expert's deposition, when the deposition was not used at the trial.

Assignment of Error No. II

The trial court erred in ordering the defendant administrator to pay, under R.C. 4123.512, the claimant's expense for a transcript of a discovery deposition of the claimant's expert, when the discovery deposition was not used at the trial.

Assignment of Error No. III

The trial court erred in ordering defendant administrator to pay, under R.C. 4123.512, claimant's counsel's mileage expense related to counsel's travel to and from the court of appeals.

{¶12} In its three assignments of error, BWC claims that the trial court erred in granting certain expenses sought by Wasinski because these expenses were not authorized by the statute. First, BWC claims that it should not have to pay for the expenses associated with Dr. Jones's deposition, since Dr. Jones's deposition was excluded from being used at trial. Similarly, BWC argues that it should also not have to pay for Dr. Grubb's discovery deposition, because the trial court also excluded it from being used at trial. Finally, BWC claims that it should not have to pay for Wasinski's attorney's mileage expenses associated with traveling to this court's oral arguments on the first appeal in 2009.

{¶13} First of all, despite BWC's argument to the contrary, the decision to grant or deny fees and costs under R.C. 4123.512(D) and (F) lies within the sound discretion of the trial court, and we will not disturb its decision absent an abuse of discretion. *Dixon v. Ford Motor Co.*, 8th Dist. No. 82148, 2003-Ohio-3959, ¶ 5. See also *Azbell v. Newark Group, Inc.*, 5th Dist. No. 07 CA 00001, 2008-Ohio-2639, ¶ 22; *Murawski v. Tamarkin Co.*, 9th Dist. No. 23103, 2006-Ohio-4870, ¶ 9, citing *Baycliffs Homeowners Assn., Inc. v. Solomon*, 6th Dist. No. OT-05-002, 2005-Ohio-4917, ¶ 59; *Hansford v. Midwest Staff Solutions*, 8th Dist. No. 87226, 2006-Ohio-5581, ¶ 11, citing *Raymond v. Shaker Produce, Inc.*, 8th Dist. Nos. 84885 and 85391, 2005-Ohio-1670; *Kilgore v. Chrysler Corp.* (Feb. 4, 2000), 2nd Dist. Nos. 17906 and 17915, at *7, affirmed (2001), 92 Ohio St.3d 184, 749

N.E.2d 267. An abuse of discretion is more than an error of law; rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶14} Under R.C. 4123.512, a claimant who successfully appeals from a denial of benefits is entitled to recovery of certain costs of litigation. Specifically, R.C. 4123.512(D) and (F) govern a claimant's recovery of costs of an appeal to the trial court. R.C. 4123.512(D) concerns the payment for physicians' depositions filed with the court:

> Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal.

Under this provision, regardless of the outcome of the claimant's appeal, the claimant is entitled to be reimbursed for the costs of his or her own doctor's deposition if the deposition is filed with the court. *Kilgore*, 92 Ohio St.3d at 186, 749 N.E.2d 267. While R.C. 4123.512(D) allows reimbursement regardless whether the claimant wins or loses, it only pertains to a very specific type of costs. R.C. 4123.512(F), on the other hand, allows for a broader type of reimbursable

costs, but only if the claimant is successful on appeal and has been deemed eligible to participate in the workers' compensation fund. In particular, R.C. 4123.512(F) provides:

> The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars.[1]

Besides determining whether a claimant has been successful, the key to allowing costs under this provision is whether it qualifies as R.C. 4123.512(F)'s "costs of any legal proceedings."

{¶15} Significantly, over the last several years, the Ohio Supreme Court has consistently construed the term "cost of any legal proceedings" liberally in favor of employees. See *Cave v. Conrad* (2002), 94 Ohio St.3d 299, 301, 762 N.E.2d 991. In *Moore v. General Motors Corp.* (1985), 18 Ohio St.3d 259, 262, 480 N.E.2d 1101, the court held that "the cost of any legal proceedings authorized by this section" included the fees charged by an expert witness whose deposition was used in a workers' compensation hearing. A few years later, the Supreme

---

[1] The prior version of the R.C. 4123.512(F) prescribed that the maximum amount of attorney fees was $2,500. Effective June 30, 2006 (approximately four months after Wasinski had filed her first complaint with the trial court), the statutorily prescribed maximum award of attorney fees was increased from $2,500

Court held that "[p]ursuant to R.C. 4123.512(F), reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers' compensation claimant." *Cave*, 94 Ohio St.3d 299, at syllabus. Similarly, in *Kilgore*, 92 Ohio St.3d 184, 749 N.E.2d 267, at syllabus, the court expanded the phrase even more and held that "an attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable 'cost of any legal proceedings' under R.C. 4123.512(F)." Finally, and most recently, in *Schuller v. United States Steel Corp.*, 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, at syllabus, the court declared that "[a]n expert witness's fee for live in-court testimony is a reimbursable cost of legal proceedings pursuant to R.C. 4123.512(F), subject to the trial court's determination that the fee is reasonable."

{¶16} Central to all of the court's decisions was the rationale that R.C. 4123.512(D) and (F) were "'designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund.'" *Cave*, 94 Ohio St.3d at 301, quoting *Moore*, 18 Ohio St.3d at 261-262. The court has stated that by enacting R.C. 4123.512(F), the General Assembly "'has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal.'" Id., quoting *Moore* at 262. Despite its consistent liberal

---

to $4,200. Here, the trial court awarded Wasinski attorney's fees in the amount of $2,500. Neither party disputes the specific award of attorney fees in this particular case.

interpretation of R.C. 4123.512(F), the Ohio Supreme Court has recognized employers' concerns:

> Appellants paint a picture of trial courts overwhelmed by requests for reimbursement for staples, paper clips, and, presumably, a claimant's lawyer's lucky tie if they are used in a successful appeal. However, our decision today does not allow reimbursement for everyday costs of doing business. It applies to costs bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award. As in the case at bar, approval of an attorney's travel expenses incurred in taking an expert's deposition is subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal.

*Kilgore*, 92 Ohio St.3d at 187-188. Nevertheless, the court has repeatedly held that R.C. 4123.512(F) allows reimbursement for reasonable litigation expenses that "bear[] a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award." Id. at 188.

{¶17} In this particular case, we believe that Dr. Jones's and Dr. Grubb's depositions were reasonable litigation expenses connected with the preparation and presentation of Wasinski's appeal that essentially bore a direct relation to the success of her appeal even though they were not admitted at trial. Dr. Jones was one of Wasinski's treating physicians and was treating Wasinski for one of the conditions (depression) that she was trying to seek coverage for in the workers' compensation fund. Despite Dr. Jones's deposition being inadmissible at trial, Dr.

Jones's deposition led to Wasinski presenting another physician's testimony, Dr. Egan, at trial with respect to the issue of Wasinski's depression. Ultimately, the jury found that the depression was a sufficient basis for Wasinski to participate in the workers' compensation fund. Thus, Dr. Jones's deposition was instrumental in Wasinski's preparation and presentation of her claim for depression at trial, and therefore we find that it was reasonable and within the trial court's discretion to have allowed for the reimbursement expenses concerning Dr. Jones's deposition.

{¶18} In addition, we also believe that reimbursing Wasinski for Dr. Grubb's discovery deposition was reasonable under the circumstances. Despite BWC's assertion that Dr. Grubb's discovery deposition was properly excluded as evidence at trial, Civ.R. 32, which governs the use of depositions in all court proceedings, does not distinguish between trial and discovery depositions. *Beckman v. Yellow Freight Sys., Inc.* (Feb. 12, 1997), 9th Dist. No. 17845, at *3, citing *Van Meter v. Coates* (Aug. 12, 1992), 9th Dist. No. 91CA005220. See also *Coxson v. Miller* (Mar. 26, 1999), 11th Dist. No. 97-T-0179, 1999 WL 266691, at *2, citing *Dodson v. Oclese* (Sept. 30, 1987), 11th Dist. No. 3733, 1987 WL 18028, at *5. The rule specifically provides that a deposition of a witness "may be used by *any party* for *any purpose*" so long as the witness is a medical expert. (Emphasis added.) Civ.R. 32(A)(3)(e). Dr. Grubb was a medical expert; therefore, filing Dr. Grubb's discovery deposition in anticipation of using it at the

trial was both reasonable and permissible under the civil rules. Therefore, it was likewise reasonable for the trial court to have granted the reimbursement of its cost considering the deposition costs were incurred for the purposes of presenting Wasinski's appeal. See *Bramely v. Painesville* (Dec. 26, 1997), 11th Dist. No. 97-L-038, at *4 (finding that the trial court erred in not awarding workers' compensation claimant costs for the discovery deposition of a medical expert, since it was arguably incurred for the purposes of advancing claimant's appeal).

{¶19} Overall, in light of the Ohio Supreme Court's broad interpretation of the phrase "cost of any legal proceedings" in R.C. 4123.512(F), we believe that it was reasonable, and certainly within the trial court's discretion, to have allowed the costs associated with Dr. Jones's deposition and Dr. Grubb's discovery deposition to be reimbursed, since they were directly related to Wasinski's appeal and thus could be considered as "cost[s] of any legal proceedings" under R.C. 4123.512(F).

{¶20} However, despite our position above, we believe that it was unreasonable to have allowed Wasinski to be reimbursed for her attorney's mileage to and from the court of appeals for purposes of attending oral arguments for the prior appeal because that expense was not a cost directly related to Wasinski's appeal but rather an everyday cost of doing business. Furthermore, while we acknowledge that this court was willing to expand the Supreme Court's

holding in *Kilgore* in our recent decision of *Ley v. Procter & Gamble Co.*, 3d Dist. No. 1-09-41, 2010-Ohio-834, we find that *Ley* is distinguishable from the circumstances in this case.

{¶21} As we stated above, in *Kilgore,* the Supreme Court expanded the phrase "cost[s] of any legal proceedings" and held that "an attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable 'cost of any legal proceedings' under R.C. 4123.512(F)." 92 Ohio St.3d 184, at syllabus. In *Ley*, this court affirmed a judgment reimbursing a claimant for her attorney's travel expenses for taking depositions even though the attorney was an out-of-town attorney and the depositions were taken in the county where the action was filed. 2010-Ohio-834, ¶ 52. Specifically, this court stated:

> [W]e do not believe that the Court's holding in *Kilgore* is as narrow as P & G suggests. We believe that the Court's rationale in *Kilgore,* just like its rationale in all of its recent cases dealing with R.C. 4123.512(D) and (F), was to allow those expenses that are directly related to a claimant's appeal that an attorney would traditionally charge to clients and that would also have a proportionally serious impact on the claimant's award. Kilgore, 92 Ohio St.3d at 187. We believe that it was reasonable for the trial court to have believed that Ley's out-of-town attorney's mileage expenses to attend the depositions of Ley's witnesses did bear a direct relationship to Ley's appeal and would have a serious impact on her award if not granted.

Id. Nevertheless, we find the circumstances in this case to be distinguishable from the facts in *Ley*. Even though we stated that we did not believe that the court's holding in *Kilgore* was as narrow as the employer suggested and that it was

reasonable to have allowed plaintiff's out-of-town attorney to have mileage expenses for attending depositions of witnesses, extending *Kilgore's* ruling in *Ley* was logical, since both cases involved attorney's mileage expenses concerning *the preparation* of the claimant's appeal (i.e. travel expenses to take witnesses' depositions). See *Ley*, 2010-Ohio-834, at ¶ 52; *Kilgore*, 92 Ohio St.3d at 188. Here, Wasinski's attorney is asking BWC to reimburse him for mileage to our courthouse for oral arguments with respect to the first appeal. As the Supreme Court itself stated in *Kilgore*, R.C. 4123.512(F) "does not allow reimbursement for *everyday costs of doing business*," and we fail to see how an attorney traveling to a courthouse would be anything other than an everyday cost of doing business rather than one directly related to the claimant's appeal. See *Kilgore*, 92 Ohio St.3d at 188.

**{¶22}** Furthermore, at the time Wasinski filed her first complaint with the trial court, R.C. 4123.512(F) explicitly prescribed that an attorney may collect fees in an amount of up to $2,500, and in this particular case, the trial court awarded $2,500 in fees to Wasinski's attorney. Besides the statutory fee language and the Ohio Supreme Court's ruling in *Kilgore*, which again only pertained to travel expenses to and from depositions in preparation of a claimant's appeal, no other miscellaneous expenses, such as an attorney's mileage to a courthouse, have been provided for in the statute. Thus, absent express statutory authority to the

contrary, this court is unwilling to "'read into a statute something that cannot reasonably be implied from the statute's language.'" *Breidenbach v. Conrad* (1997), 122 Ohio App.3d 640, 645-646, 702 N.E.2d 509, quoting *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 644, 646 N.E.2d 830, citing *Szekely v. Young* (1963), 174 Ohio St. 213, 188 N.E.2d 424, paragraph two of the syllabus.

{¶23} Therefore, we find that the reimbursement of mileage to our courthouse for Wasinski's attorney for purposes of oral arguments in the first appeal was unreasonable because it was an everyday cost of doing business and not one "directly related to the claimant's appeal."

{¶24} Therefore, BWC's first and second assignments of error are overruled, and BWC's third assignment of error is sustained.

{¶25} Having found no error prejudicial to the appellant in the particulars assigned and argued with respect to appellant's first and second assignments of error, we affirm the judgment of the trial court. However, having found error prejudicial to the appellant in the particulars assigned and argued with respect to appellant's third assignment of error, we reverse the judgment of the trial court, and we remand the cause for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

Case No. 3-10-01 and 3-10-02

ROGERS and SHAW, JJ., concur.