[Cite as *Carrigan v. Shaferly Excavating, Ltd.*, 2011-Ohio-5587.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

KEVIN R. CARRIGAN,

     PLAINTIFF-APPELLANT,           CASE NO. 13-11-08

     v.

SHAFERLY EXCAVATING LTD., ET AL.,      O P I N I O N

     DEFENDANT-APPELLEE.

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 10 CV 0036**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  October 31, 2011**

APPEARANCES:

     *Theodore A. Bowman*  for Appellant

     *William S. Alge, Jr.*  for Appellee, Shaferly Excavating, Ltd.

     *Robert Eskridge*  for Appellee, Admr. Bureau of Workers' Comp.

**ROGERS, P.J.**

{¶1} Plaintiff-Appellant, Kevin Carrigan ("Carrigan" or "Claimant"), appeals the judgment of the Court of Common Pleas of Seneca County denying reimbursement for a portion of the costs he incurred during the litigation of his claim for workers' compensation benefits. On appeal, Carrigan asserts that the trial court erred in denying a portion of the costs without explanation and seeks modification of the judgment entry to award him those costs pursuant to R.C. 4123.512(D) and (F). Finding that the trial court abused its discretion in denying the costs of legal proceedings, we reverse the decision of the trial court.

{¶2} The pertinent facts of this case are not in dispute. Carrigan was employed by Shaferly Excavating, Ltd. on July 1, 2009. On that date, during the course of his employment, he was injured. Carrigan filed a claim with the Ohio Bureau of Workers' Compensation ("the BWC") on July 14, 2009. The Industrial Commission ultimately disallowed his claim, and Carrigan filed an appeal in the Seneca County Court of Common Pleas on January 21, 2010, pursuant to R.C. 4123.512. The case proceeded to a jury trial in January, 2011. The trial court granted defendants' motion for a directed verdict under Civ.R. 50 for the claims of skin sensation disturbance and disc degeneration. The jury found that Carrigan was entitled to participate in the state fund for the cervical disc herniation C5-6.

{¶3} Carrigan filed a motion for costs and statutory attorney's fees pursuant to R.C. 4123.512(D) and (F) including the amount of $4,200.00 for statutory attorney's fees and $6,383.30 for the costs of legal proceedings. The BWC filed a motion in opposition through which it agreed to pay $4,200.00 in attorney's fees pursuant to R.C. 4123.512(F), the fees charged by the Claimant's expert physician, Dr. Clark, for his deposition on December 21, 2010, in the amount of $2,485.00,[1] the Claimant's transcript of Dr. Clark's deposition which took place on November 23, 2010 in the amount of $308.14, the Claimant's copy of the transcript of the deposition of Dr. Shiple, the BWC's expert physician, in the amount of $177.00, and the fee for the lay witnesses at trial in the amount of $18.00.

{¶4} The BWC contested payment for the other requests. Specifically, it argued that it must pay either the stenographic deposition cost of Dr. Clark's December 21, 2010 deposition or the video costs of the deposition, but not both, as the costs are duplicative. The BWC contested payment of Dr. Shiple's stenographic deposition as it was never filed with the trial court as required by R.C. 4123.512(D). The BWC argued that the remaining costs are not expressly included in R.C. 4123.512 and are therefore, not taxable as costs of legal

---

[1] This amount consisted of a thirty minute legal conference which cost $580 and the physician's fee for a one hour video deposition which cost $1,270.00 as well as an additional physician's fee for a thirty minute expense for the video deposition in the amount of $635.00

proceedings. Further, the BWC argued that these remaining expenses are discovery expenses, not used in the presentation at trial.

{¶5} The trial court held a hearing on the matter on February 18, 2011. The judgment entry in its entirety read:

> **This cause came on for a hearing on Plaintiff's Amended Motion for [c]osts and statutory attorney fees filed January 26, 2011 in this case. A hearing was held on February 18, 2011. Present at the hearing by telephone conference were Theodore A. Bowman, plaintiff's counsel, and Carolyn S. Bowe, counsel for Defendant Administrator [BWC]. After hearing arguments from counsel, the Court finds that certain costs and attorney fees shall be awarded to plaintiff in this case, pursuant to R.C. 4123.512(D) and (F).**
> **The following costs of Plaintiff shall be paid by the administrator to the Plaintiff or his counsel in this case:**

| | | |
|---|---|---|
| 1. | **Statutory attorney fees** | **$ 4,200.00** |
| 2. | **Dr. Clark's video deposition costs** | **$ 635.00** |
| 3. | **Dr. Clark's video deposition costs** | **$ 1,850.00[2]** |
| 4. | **Dr. Shiple discovery deposition costs** | **$ 143.60** |
| 5. | **Dr. Clark discovery deposition costs** | **$ 308.14[3]** |
| 6. | **Dr. Shiple deposition costs** | **$ 177.00** |
| 7. | **Dr. Clark deposition costs** | **$ 457.40** |
| 8. | **Witness fees** | **$ 18.00** |
| | **TOTAL** | **$ 7,789.14** |

> **All other costs are DENIED.**
> **It is so ORDERED.**

---

[2] This fee includes a $580.00 charge for a thirty minute legal conference with Dr. Clark on the same date as the deposition on December 21, 2010. The trial court denied this same $580.00 fee for a thirty minute legal conference with Dr. Clark on the same date as his deposition on November 23, 2010.

[3] The amount requested was $319.40 for the deposition on November 23, 2010. The trial court denied reimbursement for the delivery fee of $11.24. However, the trial court granted reimbursement for shipping and handling of Dr. Clark's stenographic transcripts of his deposition occurring on December 21, 2010.

(Docket No. 77). It is from this judgment Carrigan appeals asserting the following assignment of error for our review.

### *Assignment of Error*

**THE TRIAL COURT ERRED IN DENYING A SUBSTANTIAL PORTION OF THE ACTUAL OUT-OF-POCKET COSTS INCURRED BY A WORKERS' COMPENSATION CLAIMANT IN CONNECTION WITH THE PREPARATION AND PRESENTATION OF HIS SUCCESSFUL APPEAL UNDER R.C. 4123.512.**

**{¶6}** Initially we note that Appellant raises in his reply brief the issue of Appellee's alleged untimely filing of its brief. Appellant asserts that Appellee's brief was untimely as it was due May 23, 2011 but was not filed until May 24, 2011. Appellant requests this Court to strike Appellee's brief pursuant to Loc.R. 9 and App.R. 18 and reverse the decision of the trial court based on Appellant's brief. We decline to strike Appellee's brief as it was not untimely. App.R. 14(C) grants an additional three days from the due date if the filing is served via mail. As Appellee's brief was served via mail, it was not due until May 26, 2011. As it was received on May 24, 2011, the brief was timely and we decline to strike it.

**{¶7}** In his sole assignment of error, Carrigan argues that he should have been reimbursed for the out-of-pocket legal expenses incurred by him or by his counsel in connection with the appeal filed from the Industrial Commission pursuant to R.C. 4123.512. He asserts that when a claimant is found to be eligible

to participate in the fund, R.C. 4123.512(F) mandates a broad recovery for the costs associated with the legal proceedings as the statute is designed to minimize the actual expenses incurred by the injured worker.

{¶8} The BWC contends that the trial court did not err in denying a portion of the requested expenses. First, the BWC argues that the fees and expenses related to Dr. Shiple's deposition must be denied because his deposition was never filed with the trial court. Second, the BWC argues that it must pay either the stenographic cost of Dr. Clark's deposition or the videotaped deposition as the costs are duplicative and not allowed under *Breidenbach v. Conrad.* The BWC argues that the remaining expenses are not reimbursable as they are not expressly permitted by statute and were not used at trial, but rather are discovery costs, distinguishable from costs associated with presenting evidence at trial.

{¶9} The decision to grant or deny fees and costs under R.C. 4123.512(D) and (F) lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Wasinksi v. PECO II, Inc.*, 189 Ohio App.3d 550, 554-55, 939 N.E.2d 883, 2010-Ohio-4293; *Ley v. Proctor & Gamble Co.*, 3d Dist. No. 1-09-41, 2010-Ohio-834, ¶47, citing *Dixon v. Ford Motor Co.,* 8th Dist. No. 82148, 2003-Ohio-3959, ¶5. An abuse of discretion is more than an error of law or judgment, rather, it implies that the court's attitude is unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶10} R.C. 4123.512 provides that a claimant who successfully appeals the denial of workers' compensation benefits is entitled to recovery of certain costs. Specifically, R.C. 4123.512(D) and (F) govern a claimant's reimbursement of costs of an appeal to the trial court. Reimbursement for a claimant's physicians' depositions is addressed by R.C. 4123.512(D), which provides:

> **Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code . . . The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate . . . is finally sustained or established in the appeal.**

{¶11} Thus, the claimant is entitled to be reimbursed for the costs of his or her own doctor's deposition if the deposition is filed with the court. *Kilgore v. Chrysler Corp.*, 92 Ohio St.3d 184, 186, 749 N.E.2d 267, 2001-Ohio-166. R.C. 4123.512(F) is a broader provision which allows reimbursement for costs of legal proceedings and attorney's fees if the claimant is successful on appeal and has been found eligible to participate in the workers' compensation fund. R.C. 4123.512(F) provides:

> **The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed**

**by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars.**

{¶12} Thus, a successful claimant is entitled to recover expenses that qualify as "costs of legal proceedings" pursuant to R.C. 4123.512(F). "Significantly, over the last several years, the Ohio Supreme Court has consistently construed the term 'cost of any legal proceedings' liberally in favor of employees." *Wasinski,* 189 Ohio App.3d at 556, citing *Cave v. Conrad*, 94 Ohio St.3d 299, 301, 762 N.E.2d 991, 2002-Ohio-793, *Moore v. General Motors Corp.* (1985), 18 Ohio St.3d 259, 262, 480 N.E.2d 1101, *Schuller v. United States Steel Corp.*, 103 Ohio St.3d 157, 814 N.E.2d 857, 2004-Ohio-4753. The Ohio Supreme Court explained that R.C. 4123.512(D) and (F) were designed to minimize the actual expense incurred by an injured employee who established his or her right to participate in the fund. Because a claimant who may rightfully participate in the fund must incur additional out-of-the-ordinary expenses during an appeal in order to establish that right while other claimants do not incur those additional expenses, R.C. 4123.512(F) serves to diminish that incongruity. *Kilgore*, 92 Ohio St.3d at 187.

**{¶13}** The relevant statutory language of R.C. 4123.512(F), "cost of any legal proceedings," applies to "costs bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award." *Schuller,* 103 Ohio St.3d at 159, citing *Kilgore,* 92 Ohio St.3d at 188. Reasonable litigation expenses that might have the effect of unreasonably dissipating a claimant's award are reimbursable. *Kilgore*, 92 Ohio St.3d at 188, citing *Moore,* 18 Ohio St.3d at 262. This Court has held that expenses incurred in connection with the preparation and presentation of a claimant's appeal are reimbursable. *Wasinski*, 189 Ohio App.3d at 557 (holding that the trial court did not abuse its discretion in awarding the costs of two physicians' depositions despite the failure to use one of them as evidence at trial as the deposition that was ultimately determined to be inadmissible nonetheless led to the second physician's testimony that was admitted and was therefore instrumental in preparing and presenting claimant's claim). "Reimbursement for such expenses is subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal." *Schuller*, 103 Ohio St.3d at 159, citing *Kilgore*, 92 Ohio St.3d at 188.

**{¶14}** In the present case, Carrigan argues that the trial court abused its discretion by denying six costs he requested for reimbursement, specifically: 1) Claimant's expert physician's fee for a legal conference held on the same date as

his first deposition in the amount of $580.00,[4] 2) the costs for the videotaped deposition of Dr. Clark's second deposition in the amount of $330.93, 3) the physician's fees for the deposition of Dr. Shiple in the amount of $1,000.00,[5] 4) the cost for the stenographic deposition of Carrigan's deposition in the amount of $279.00, 4) the costs for the court reporter's attendance at four witness' depositions in the amount of $195.00, and 5) the costs for the stenographic transcripts of the depositions of those four witnesses in the amount of $297.20.

**{¶15}** Initially we note that upon reviewing the judgment entry, the motion for reimbursement, and the attached documentation of appellant's expenses, the trial court's award appears to be arbitrary. As the judgment entry is devoid of any support in fact or in law for its findings to rebut such appearance, this Court is incapable of deferring to the trial court's findings. It is upon this notion that we proceed.

**{¶16}** A review of the motion for reimbursement and the attached statements reveals that the requested costs appear to be directly related to and reasonably necessary for the Claimant's appeal. The BWC argues that according to this Court's precedent, duplicative costs for both the transcript and the video of the deposition are not reimbursable, citing *Breidenbach v. Conrad.* (1997), 122 Ohio App.3d 640, 702 N.E.2d 509 (Shaw, J., dissenting).

---

[4] The trial court awarded the same fee for the second deposition.
[5] This deposition was in fact filed with the trial court. Docket No. 49.

{¶17} In *Breidenbach*, this Court held that a successful claimant was not entitled to both stenographic and video costs of depositions under R.C. 4123.512(D) and/or (F). While it may have aided the BWC's case, *Breidenbach* has been superseded by *Cave*, in which the Ohio Supreme Court held that reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers' compensation claimant under R.C. 4123.512(F). *Cave*, 94 Ohio St.3d at 302. In *Cave,* the claimant played the videotaped depositions of two expert witnesses for the jury at trial.[6] The Supreme Court explained that Sup.R.13(D)(2) provides that "[t]he reasonable expense of recording testimony on videotape . . . shall be allocated as costs in the proceeding in accordance with Civ.R. 54." Id., citing Sup.R.13(D)(2). Accordingly, the Supreme Court determined that reasonable videotaped deposition expenses could be awarded to a successful workers' compensation claimant as "cost[s] of any legal proceedings" under R.C. 4123.512(F) and notwithstanding that the costs of the stenographic transcription of the same deposition are reimbursable under R.C. 4123.512(D). *Cave*, 94 Ohio St.3d at 300-02.

{¶18} Further, the BWC argues that the remaining expenses should not have been reimbursed as they are discovery expenses rather than the expenses associated with their use at trial, and that because the witness depositions were not

---

[6] Unlike in *Cave*, the record before this Court is silent as to what evidence was introduced at trial.

used at trial, the trial court did not err in failing to order reimbursement. The BWC cites to other appellate districts that have concluded that discovery expenses are not reimbursable under subsection (F). This Court stated in *Wasinksi*, supra, that Civ.R. 32, which governs the use of depositions in all court proceedings, does not distinguish between trial and discovery depositions. Further, so long as the depositions were reasonable litigation expenses connected with the preparation and presentation of the claimant's appeal, they bore a direct relation to the claimant's success even if not admitted at trial. *Wasinksi*, 189 Ohio App.3d at 557.

{¶19} In the instant case, the record is devoid of any indication of what evidence was used in the presentation at trial. Nonetheless, it appears that the costs were, in fact, reasonable and used in the preparation for and in direct relation to the Claimant's appeal. Accordingly we sustain Appellant's assignment of error and remand this case to the trial court for further consideration in light of the foregoing analysis.

{¶20} Having found error prejudicial to Carrigan herein, in the particulars assigned and argued in his sole assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW and WILLAMOWSKI, J.J., concur.**